[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Franklin Ford was found guilty of robbery and sentenced to three years' incarceration following a bench trial. In his sole assignment of error, Ford contends that the state failed to demonstrate that Ford had inflicted, attempted to inflict, or threatened to inflict physical harm on the victim, as required by R.C. 2911.02(A)(2). This assignment raises a sufficiency-of-the-evidence challenge to Ford's conviction.
To reverse the conviction for insufficient evidence, we must conclude, upon reviewing the evidence in the light most favorable to the prosecution, that no reasonable trier of fact could have found Ford guilty of robbery.[1] To make this determination, we may neither resolve evidentiary conflicts in favor of Ford nor substitute our assessment of the credibility of the witnesses for that of the trier of fact.[2]
The state presented evidence that Ford was in the victim's apartment with Ford's girlfriend, who was also the victim's cousin, when he snatched the victim's wallet and money from his hand and ran. Testimony elicited during cross-examination demonstrated that Ford wrestled with the victim, a man who was physically weak and "kind of slow," and swung a hammer during the altercation. Viewing the evidence in a light most favorable to the state, we conclude that Ford's conviction for robbery was supported by sufficient evidence.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann, and Winkler, JJ.
[1] See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
[2] See State v. Mechlem (Jan. 24, 1996), Hamilton App. No. C-950328, unreported, citing State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819, 825, certiorari denied (1992), 506 U.S. 921,113 S.Ct. 338; State v. Williams (1997), 79 Ohio St.3d 1, 10, 679 N.E.2d 646, 656, certiorari denied (1998), 522 U.S. 1053, 118 S.Ct. 703.